**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROBIN DALE HAYES,

        Plaintiff,

vs.                                          Case. No. 3:05-cv-658-J-32-MCR

SNAP-ON TOOLS COMPANY, LLC,
et al.

        Defendants.

**ORDER**

On June 21, 2005, Robin Dale Hayes ("Hayes") filed this case against Snap-On Tools Company, LLC ("Snap-On") and Bill Schneider ("Schneider") in state court.[1] (Doc. 2.) The complaint alleges that Snap-On breached a dealer agreement by, among other things, allowing sales of Snap-On products within Hayes's territory without compensation to him. In addition to several state claims, the complaint asserts a single federal claim based on the allegation that Snap-On violated Federal Trade Commission ("FTC") regulations.[2] On July 15, 2005, Snap-

---

[1] See Hayes v. Snap-On Tools Co., LLC, et al., Circuit Court, Fourth Judicial Circuit, in and for Duval County, case number 16-05-CA-4302.

[2] The complaint asserts a single state claim against Schneider based on the allegation that he tortiously interfered with Hayes's relationship with Snap-On by, among other things, encouraging customers within Hayes's territory not to buy Snap-On products from Hayes.

On and Schneider removed the case, asserting that this Court has original jurisdiction over the FTC claim and supplemental jurisdiction over the remaining state claims.[3]  (Doc. 1.)  Snap-On and Schneider simultaneously filed an answer and affirmative defenses, asserting that Snap-On is not subject to the FTC regulations cited in Hayes's complaint.  (Doc. 3.)

Now before the Court is Hayes's motion to voluntarily dismiss without prejudice his FTC claim and to remand his state claims.  (Doc. 14.)  Hayes explains that he is willing to forego federal remedies in order to proceed in state court.[4]  Snap-On responds that any dismissal of Hayes's FTC claim should be with prejudice or conditioned on Hayes's payment of the filing and attorneys' fees Snap-On incurred in removal.  (Doc. 15.)  Both parties assert that Hayes's motion is premised on Federal Rule of Civil Procedure 41, which allows dismissal of an "action" at the plaintiff's instance once an answer has been filed only upon court order and "upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2).

---

[3]  This Court does not have diversity jurisdiction because both Hayes and Schneider are Florida citizens.

[4]  This is because "Plaintiff has been advised of the potential delay of his claim in Federal Court." (Doc. 14 p. 3.)  The motion does not say who so advised Hayes, but whoever it was is mistaken.  This Court is prepared to give timely consideration to this case and a trial date at the time requested by the parties. Nevertheless, ill-informed or not, Hayes has the right to bring whichever claims he chooses and to proceed in state court on state court claims.

The parties' belief that Rule 41 applies is mistaken. The Eleventh Circuit has explained:

> Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action. A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a). ... Rule 41(a) speaks of dismissal of an action, and the plaintiff's elimination of a fragment of an action ... is more appropriately considered to be an amendment to the complaint under Rule 15. ... [T]he court was not empowered to dismiss only certain claims under Rule 41.

Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004)(citations and quotations omitted).

Rather than subjecting the parties to additional motion practice, the Court will deem Hayes's motion to dismiss his FTC claim as a Rule 15 motion to amend his complaint to omit his FTC claim. Under Rule 15, amendment "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Given this liberal standard and that this case is in its earliest stages, the Court will allow Hayes to amend his complaint in such a manner. Once he has done so, the Court will remand the case to state court and will decide at that time whether to grant Snap-On's request for attorneys' fees and costs allowed by 28 U.S.C. 1447(c)("An order remanding the case may require payment of just costs and any actual attorneys' fees, incurred as a result of the removal."). The parties need not submit additional briefing on this issue.

For these reasons, it is hereby **ORDERED**:

1. Hayes's motion to voluntarily dismiss without prejudice his FTC claim (Doc. 14), deemed to be a motion to amend his complaint to omit his FTC claim, is **GRANTED.** Hayes shall have up to and including **October 21, 2005** to file an amended complaint.

2. Hayes's motion to remand to state court (Doc. 14.) and Snap-On's request for filing and attorneys' fees (Doc. 15) are **DEFERRED**.

**DONE AND ORDERED** at Jacksonville, Florida, on October 12, 2005.

_____
TIMOTHY J. CORRIGAN
United States District Judge

p.
Copies to counsel of record